## CLARK vs. CARPENTER and wife.

1. The approval by a principal, of a contract within the agent's authority, will not be held to be a confirmation of another, beyond that authority, although made at the same time, and intended to regulate the execution of the valid contract.

2. If an agent, without authority, makes representations as to the subject matter which are not true, either through fraud or mistake, the vendee will be released from his contract, but the principal will not be further bound by them.

. 3. Where a purchaser agrees to pay a sum in gross for a tract of land of a given number of acres, and accepts a deed therefor, he cannot afterwards recover compensation for any deficiency in the quantity.

This case was brought to hearing upon bill, answer, replication, and proofs.

*Mr. Dutcher*, for complainant.

*Mr. F. B. Chetwood*, for defendants.

THE CHANCELLOR.

The object of the suit is to recover from the defendants $416, the value of the deficiency of a tract of land conveyed by the defendant to the complainant. The deed, in the description of the tract, after giving the courses and distances of the boundaries with exactness, added, " containing thirty-nine acres and thirty-six hundredths of an acre, more or less." The tract, upon an accurate re-survey, is found to contain only thirty-seven acres and twenty-eight hundredths of an acre, being two acres and eight hundredths of an acre less than the quantity in the deed. The survey from which the recital in the deed was taken, was made by a surveyor employed by the complainant. The error is in no way to be attributed to fraud or negligence of the defendant, although it is alleged that John Carpenter had procured a survey to be made of the tract, between the agreement for sale and the survey by the complainant, which showed him that it con-

tained less than the amount stated in the deed. It perhaps was not good faith in Carpenter not to mention this fact, although the complainant had undertaken to have the lot surveyed, and the contents computed by his own surveyor. But there is no proof or allegation that Mrs. Carpenter, who is the real defendant, knew of this.

The tract in question belonged to Mrs. Carpenter in her own right; she authorized her husband to sell it for $12,500, and not for any less sum. He made a contract of sale in writing, and signed it with her name, to sell the farm to the complainant for $12,500; in this contract, the tract was described as a "farm containing forty acres." The husband, when the contract was made, said he was not certain that the farm contained forty acres, and inquired if Clark would be bound by the contract if there was less. The land agent communicated with Clark, who said he would take it if a proper deduction was made for any amount which it fell short. By subsequent arrangement between Clark and Carpenter, it was agreed that the buildings should be valued at $4500, and in the deduction for any deficiency, the land should be valued at $200 per acre.

The defendants, in their answer and in their testimony, say, that this verbal arrangement, outside the written contract, was all made by Mr. Carpenter, without the authority of his wife, and that she did not know of it until some time after the deed was given.

At the execution of the deed, Clark, who had the survey and computation of his own surveyor there, claimed a deduction from the price because of the deficiency below what the farm had been represented to contain. The defendants objected to it, and appealed to him as it was so small, that he should claim no deduction from the contract price, he being wealthy, and they not; he replied that he would take it at that quantity, or throw up the contract. To this proposition Mrs. Carpenter, upon consulting with her husband, assented, remarking that the quantity of land and sum to be deducted was small, and she would rather finish the business.

2 E *

Clark did not, in her presence, put it on the ground that it was the agreement at the making of the contract, and that he would insist upon it; but put himself on what was his undoubted legal right, that if she would not allow for the amount of deficiency from the quantity stated in the contract, he would abandon it.   There is no proof whatever, much less any sufficient to overcome the denial in the answer, that Mrs. Carpenter knew of any agreement outside of the written contract.

Mrs. Carpenter, like any other principal, was not bound by any contract made in her name by her husband, that exceeded the authority given by her, unless, after knowing it, she adopted the contract, or did something to confirm it. In this case, had any agreement beyond the authority given, been contained in the written contract which she adopted and acted upon, she would be bound by it.   The verbal contract made by her husband, though it may be void by the statute of frauds, is a separate and distinct contract from the written contract, and would not be invalid, because, although made at the time, it was not put into the same writing.   But the difficulty in this case is, that it was beyond the authority of the husband; and it is not shown that she adopted or confirmed it, or even that she had any notice of it.   The approval of one contract, made within the agent's authority, will not be held to be a confirmation of another, beyond that authority, although made at the same time, and intended, as in this case, to regulate the execution of the valid contract.

If an agent, without authority, makes representations as to the subject matter which are not true, either through fraud or mistake, the vendee will be released from his contract; but the principal will not be further bound by them. In this case, Clark could not have been compelled to perform the agreement without compensation for the deficiency, although the agent had no authority to represent that the tract contained forty acres.

The sale was not in fact made by the acre; it was a price in gross for the whole farm, which was represented to con-

tain forty acres. At the time for the delivery of the deed, Mrs. Carpenter, the principal, was present. Clark refused to perform his contract, because of the deficiency, and made with the principal herself a new contract, by which he agreed to give a certain sum in gross for the property, which he assumed to be thirty-nine acres and thirty-six hundredths of an acre. He did not ask her to fulfill the parol agreement made by her husband, which was not even mentioned to her. But having an offer at a price a trifle below that at which she had determined to sell, she accepted it. She made no representations as to the quantity, and might have refused to sell at a deduction of $544 from her price. She sold by a price in gross, and this court has no right to make a bargain for her to sell by the acre. She may reply *in haec foedera non veni.* Had the sale, at the contract, or at the delivery of the deed, been made by the acre, the complainant would have been entitled to relief, even although the mistake was made by himself or the surveyor employed by him. That would be on the ground that the owner had agreed and bound herself to sell at a fixed price for every acre of land conveyed, and the excess was paid by mistake.

The bill must be dismissed.